UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:13-CR-00083-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TIMOTHY KELLY (01)** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the court is a Motion for Compassionate Release [doc. 69] filed by defendant Timothy Kelly, who is currently serving a term of imprisonment pursuant to a judgment of this court. The government opposes the motion. Doc. 71.

## I.
### BACKGROUND

Mr. Kelly is serving a term of imprisonment of 151 months, following his conviction in this matter of using a facility in interstate commerce to attempt to coerce a minor to engage in criminal sexual acts. Docs. 62, 64. The sentence runs concurrently with the term of 120 months he received in another case in this court for possession of child pornography. *See United States v. Kelly*, No. 2:15-cr-0006, doc. 11 (W.D. La. May 29, 2015). He has been in federal custody since April 23, 2014. *Id.* According to the BOP Inmate Locator, his anticipated release date is December 12, 2023.

Mr. Kelly applied for compassionate release with his warden in order to care for his elderly mother. Doc. 71, att. 1. The warden rejected the request, writing that it had been reviewed under BOP Program Statement 5050.50 and that care of an elderly parent was

not grounds for release under those provisions. *Id.* Mr. Kelly then submitted his request to this court, requesting compassionate release or transfer to a prison closer to his family. Doc. 69. The government opposes the motion, arguing that he does not meet any grounds for compassionate release and that the court lacks authority to order his transfer to another BOP facility. Doc. 71.

## II.
## LAW & APPLICATION

### I. Compassionate Release

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360,

at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

The government shows that Mr. Kelly filed his request for compassionate release at FCI Fort Dix, where he was then incarcerated, and that the request was denied on the merits. *See* doc. 71, att. 1. Accordingly, the request is exhausted and the court may now consider Mr. Kelly's motion.

The only family circumstances qualifying as grounds for compassionate release are (1) death or incapacitation of the caregiver of the defendant's minor children and (2) incapacitation of the defendant's spouse or registered partner where the defendant would be the only available caregiver. *See* U.S.S.G. § 1B1.13, p.s., comment. Numerous courts have already held that care of an elderly parent cannot fit within these circumstances, nor is it an extraordinary circumstance justifying an exception. *See United States v. Crandle*, 2020 WL 2188865, at *3 n. 27 (M.D. La. May 6, 2020) (collecting cases). Accordingly, Mr. Kelly can show no error to the warden's determination and the court need not reach the government's argument that his release should also be denied for safety reasons under 18 U.S.C. § 3553(a).

### B. Transfer Request

In the alternative, Mr. Kelly requests that he be transferred to a facility closer to his family. The BOP has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(b). Aside from its ability to issue a non-binding recommendation at the time of sentencing, this court has no jurisdiction over matters concerning the transfer of federal inmates. Accordingly, this request is likewise denied.

## III.
### CONCLUSION

For the reasons stated above the Motion for Compassionate Release [doc. 69] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 1st day of December, 2020.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**